WILLIAM J. HOOLAHAN, Plaintiff, against UNITED STATES LINES COMPANY, Defendant.

Supreme Court, Special Term, New York County, April 9, 1947.

*Paul O'Dwyer* for plaintiff.

*Walter X. Connor* for defendant.

HAMMER, J. Defendant, a New Jersey corporation maintaining its corporate office at Hoboken, New Jersey, but doing business within this State at its general offices at No. 1 Broadway, New York City, which city is the principal port for defendant's ships, moves this court to refuse to exercise jurisdiction in this action and to dismiss the complaint, for the reason that plaintiff is a subject of the Kingdom of Great Britain residing in England, and it will be more convenient to defendant to try the action in England, where defendant asserts it is suable and where the witnesses and other parties which might be impleaded by defendant are located.

Plaintiff sustained his injuries on August 1, 1944, during the war, when what is described as a " false deck " in hold No. 5 of the steamship *Belva Lockwood,* in which plaintiff was stowing cargo, collapsed, causing the cargo and mattings to fall upon

him. Plaintiff was employed by T. E. Merrells & Company, apparently an English firm of stevedores which was engaged in loading the vessel at Swansea, England, under the Division of Sea Transport Office, a part of the British Navy. Tannahill & Company, a Scotch shipbuilding concern, constructed the " false deck " in Glasgow, Scotland. Defendant asserts the vessel, at the time of the accident, was owned, operated and controlled by the United States of America, and defendant's only connection with it was under a " General Agency Agreement " with the War Shipping Administration, and therefore defendant is not liable for plaintiff's injuries.

Plaintiff states, and it is not disputed, that this court has jurisdiction of the parties and the subject matter of the action. Plaintiff further asserts that defendant, to all intents and purposes, is a domestic corporation, and through a wholly owned subsidiary is the owner of the office building at No. 1 Broadway, and other extensive properties here, that defendant's stock is listed on the New York Stock Exchange, and twelve of the defendant's thirteen directors are residents of this State, and that defendant is a litigant in a great number of actions now pending in the courts of this State involving matters originating in many parts of the world. These statements are not denied. It is also shown that there is pending against this defendant and the United States of America, in the United States District Court for the Eastern District of New York, an action by the widow of John William Hunt, a coworker who was killed as a result of this same accident. The parties there, except the defendant United States of America, are represented respectively by the same attorneys who represent them in this action. While it appears that the plaintiff there is a resident of the State of New York residing within the eastern district, which may have influenced her in bringing the action in that court, it does not seem to be material in deciding the question here presented, which, so far as the facts show, is based upon the convenience of witnesses and a consideration of the ends of justice.

In *Gulf Oil Corp.* v. *Gilbert* (330 U. S. 501, 508) the United States Supreme Court, in its opinion handed down on March 10, 1947, said: " If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the

relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, ' vex,' ' harass,' or ' oppress ' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.''

Applying this rule to the facts here presented, it appears the motion, in the exercise of discretion, should be and accordingly is denied.